UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00093-JAW |
| | ) | |
| RUDGER S. ELLIS | ) | |

**ORDER ON MOTION TO APPLY SEIZED FUNDS**

Having found that cash seized from a defendant at his arrest is "available" under 18 U.S.C. § 3006A(f), that the proposed disposition of the funds is proper, that the proposed disposition would not impose extreme hardship on the defendant or interfere with his family obligations, and that there are no third parties with claims to the funds, the Court grants the government's motion to apply these funds to the remainder of a defendant's fine and to partially defray the costs of defense paid by the government.

## I. BACKGROUND

On February 7, 2015 and February 18, 2015, Rudger S. Ellis robbed pharmacies in Augusta and Gardiner, Maine. *Presentence Investigation Report* at 4-5 (*PSR*). On April 6, 2016, after Mr. Ellis pleaded guilty to one count of interference with commerce by robbery and one count of pharmacy robbery, the Court sentenced him to sixty months of incarceration, three years of supervised release, a $1,000 fine, a $100 special assessment, and $726 in restitution to the pharmacies. *Min. Entry* (ECF No. 28); *J.* (ECF No. 40). When Mr. Ellis was arrested on February 20, 2015, a search of his person upon entry into jail revealed $1,895 in currency. *PSR* ¶ 6.

## II. PROCEDURAL BACKGROUND: THE MOTION, PRELIMINARY ORDER, AND RESPONSE

On December 14, 2021, the United States filed a motion to apply the funds seized to outstanding amounts that the Court ordered Mr. Ellis to pay and to apply any remainder to reimburse the Government in part for the cost of his defense. *Mot. to Apply Seized Funds Toward Crim. Monetary Penalties and Partial Reimbursement of Crim. Justice Act Fund Pursuant to 18 U.S.C. § 3006A(f)* (ECF No. 82) (*Gov't's Mot.*). The Government states that as of December 14, 2021, Mr. Ellis owed $800 of the $1,000 fine and the Government seeks an order allowing it to apply the remaining $1,095 to partially reimburse the United States for its expenditure of defense counsel fees pursuant to the Criminal Justice Act (CJA). *Id.* at 1. The Government says that Mr. Ellis made his last payment on his fine on January 27, 2020. *Id.* at 2. The Government represents that it expended $4,846.50 for defense counsel in this case. *Id.*

Mr. Ellis is currently incarcerated on his second supervised release revocation, *Revocation Js.* (ECF Nos. 60, 79), with a projected release date of November 21, 2022. *See* https://www.bop.gov/inmateloc/ (BOP Register No. 08793-036).

By January 10, 2022, Mr. Ellis had not responded to the Government's motion, which prompted the Court to order him to assert any reasons why his seized funds are not available because of his family obligations, because third parties have claims to the funds, or because of any other reason. *Preliminary Order on Mot. to Apply Seized Funds* (ECF No. 83) (*Preliminary Order*). The Court explained that Mr. Ellis had to respond within twenty-eight days in order to invoke his right to a hearing and

otherwise it would issue an order based on the information before it. *Id.* at 4. The Court also ordered the Government to respond with any information it had regarding Mr. Ellis' family obligations and potential third-party claims against the funds. *Id.* at 4-5.

In its response, the Government says it "has no independent knowledge of whether Mr. Ellis has any family obligations." *Gov't's Resp. to Ct.'s Preliminary Order on Mot. to Apply Seized Funds* at 1 (ECF No. 84) (*Gov't's Resp.*). According to U.S. Probation Officer Belinda Krouse, Mr. Ellis' supervising officer at the time of his revocation arrest, Mr. Ellis has no children "and at the time of his arrest for violating his conditions of supervised release, he was living rent-free with his mother and step father in the Central Maine home that they own." *Id.* Officer Krouse also advised "that prior to his arrest, she had discussed with Mr. Ellis and the Police Department a plan to have Mr. Ellis retrieve the seized funds and pay his fine," to which Mr. Ellis agreed, "however, he was arrested for violating his supervised release before he could do so." *Id.* at 2. "The Government is unaware of any third-party claims against the seized property." *Id.* The Preliminary Order was sent to Mr. Ellis on January 10th, 2022 but he still has not responded.

## III. DISCUSSION

The First Circuit has interpreted 18 U.S.C. § 3006A(f), which authorizes orders of reimbursement, as requiring a finding by the district court "that the funds are available." *United States v. Santarpio*, 560 F.2d 448, 455 (1st Cir. 1977); *see United States v. Palenzuela-Mendez*, No. 4:14-cr-00031-TWP-VTW-5, 2018 U.S. Dist. LEXIS

199133, at *4 (S.D. Ind. Nov. 26, 2018) ("To determine whether the funds at issue are 'available' for payment within the meaning of § 3006A(f), a court should consider whether repayment would impose extreme hardship on the defendant, interfere with his family obligations, and whether third parties have claims to the funds"). "Reimbursement of costs of court-appointed counsel under the Criminal Justice Act ('CJA') is a matter within the discretion of the District Court." *Palenzuela-Mendez*, 2018 U.S. Dist. LEXIS 199133, at *4 (citing *United States v. Embry*, 128 F.3d 584, 585 (7th Cir. 1997)); *see United States v. Bracewell*, 569 F.2d 1194, 1197 (2d Cir. 1978) (explaining that an order for reimbursement of counsel fees, in "an exercise of sound discretion," may be "entirely appropriate and consistent with both the purpose of the statute and fundamental notions of fairness"). "[T]he district judge need not permit a full-fledged adversarial inquiry into the nature and amount of a defendant's assets; nor need he become involved in determining priorities to those assets" but must "fully consider[]" the defendant's arguments as to why their funds are not "available." *Bracewell*, 569 F.2d at 1200.

Consistent with *United States v. Leonard*, the Court assessed Mr. Ellis' potential family obligations before granting the Government's reimbursement request. *See* No. 2:18-cr-00070-GZS, 2020 U.S. Dist. LEXIS 237528, at *2-4 (D. Me. Dec. 17, 2020) (courts are "encourage[d] . . . to consider the Defendant's family obligations in making an 'availability' determination"). As explained in its Preliminary Order, the Court reviewed Mr. Ellis' Presentence Investigation Report. At least as of January 27, 2015, Mr. Ellis had fathered no children and had never

married. *PSR* ¶ 54. The Court also reviewed two revocation reports, one dated June 5, 2020 and the other September 8, 2021. *Revocation Report* (ECF No. 54) (*Revocation Report*); *Am. Revocation Report* (ECF No. 76) (*Am. Revocation Report*). Both reports confirm that Mr. Ellis remained single with no children. *Revocation Report* at 7; *Am. Revocation Report* at 8. The Government's January 31, 2022 response to the Preliminary Order, following its consultation with Mr. Ellis' PO officer, did not indicate any notable changes in Mr. Ellis' family circumstances since the preparation of those reports.

The Court concludes that the seized cash is "'available' under 18 U.S.C. § 3006A(f)," *Leonard*, 2020 U.S. LEXIS 237528, at *3-4, and that the Government's request is reasonable here. The application towards Mr. Ellis' fine will satisfy that obligation, consistent with Officer Krouse's plan, which Mr. Ellis agreed to, to retrieve the funds for that purpose. The Government's request for CJA reimbursement, although less typical, is also reasonable here as there is no indication that CJA repayment from Mr. Ellis' "available" funds "would impose extreme hardship on the defendant, interfere with his family obligations, [or that] third parties have claims to the funds." *Palenzuela-Mendez*, 2018 U.S. Dist. LEXIS 199133, at *4.

## IV. CONCLUSION

The Court GRANTS the Government's Motion to Apply Seized Funds (ECF No. 82). The Court directs the Gardiner Police Department to turn over $1,895.00 in monies seized from Defendant Rudger S. Ellis at the time of his arrest and currently in its possession, custody, and control, to the Clerk of Court in satisfaction of the

unpaid $800.00 balance of the fine ordered in this case and for partial reimbursement of the costs of Defendant's court-appointed counsel under the Criminal Justice Act with the $1,095.00 remaining.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of February, 2022